```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                         CRIMINAL ACTION NO. 2:09-00251

**ROBERT M. OTISO**

<u>O R D E R</u>

This matter came on to be heard on January 22, 2010, on the defendant's Motion to Reconsider Pretrial Detention, filed on January 4, 2010, wherein the defendant seeks release on bond. After hearing the evidence and argument of counsel including receipt from the parties on January 14, 2010, of the transcript of the proceedings before the magistrate judge, the court made, by a preponderance of the evidence, the findings of fact and conclusions of law that follow.

The court adopts and incorporates herein by reference each of the findings set forth in Paragraphs 6 through 12 of the order of detention entered by Magistrate Judge Franklin L. Noel in the District of Minnesota following hearing on November 19, 2009, which order was entered November 23, 2009.

While the defendant lacks any community ties to the Southern District of West Virginia, the defendant, a Kenyan national, has been a resident of Minneapolis, Minnesota, for about ten years where he has employment, as does his wife, and where they live with their infant child.  His wife, also a Kenyan national, has overstayed her student visa, is no longer in this country legally and is subject to ongoing deportation procedures.  The defendant has strong ties to Kenya where his ten-year old child resides and where he visits periodically and maintains a bank account with a bank that channeled some of the fraudulently obtained funds referred to in the indictment in this case.

Shortly after the defendant returned from a visit to Kenya in December 2008 and January 2009, the defendant met in Minneapolis with Angella Chegge-Kraszeski, a Kenyan by birth living in North Carolina, in the period of January 23-26, 2009, to establish one of the primary bank accounts that was used to effectuate the massive fraud alleged in the indictment.  The defendant returned to Kenya for his grandfather's funeral on October 21, 2009, and while there purchased a plot with his mother-in-law, who is the mother of his wife Nancy, being an

agreement dated November 4, 2009, at which time they deposited 5/7ths of the purchase price.  The total purchase price was 700,000 Kenyan shillings, being about $9,500 US dollars.

The defendant thereupon returned to the United States on November 10, 2009, the day the sealed indictment in this case was returned by the grand jury.  Upon arrival in Minnesota, the defendant went first to an address that was not his home.  A week later on November 17, 2009, a search warrant was obtained for the search of the defendant's home in the course of which a multiplicity of documents, photos and cards were seized, in particular implicating the defendant in some aspects of the charges contained in the indictment.  In addition, those articles reflected the ability of the defendant to utilize false identification that would be useful to him should he flee from the jurisdiction of this court.  With the search underway, the defendant was arrested on the indictment and removed from his home.  Knowing what the search would reveal, he confessed to some aspects of the charges in this case.  The defendant also defaulted on the purchase of the Kenyan plot by failing to pay the modest 2/7th balance of the purchase price by December 7,

2009, as required by the agreement which was cancelled by the seller about one month later.

The court finds that there is not only probable cause, based on the indictment, to believe the defendant committed the offenses charged therein, but further substantial support for the charges is found in the items recovered upon execution of the search warrant and in the defendant's presence with Angella Chegge-Kraszeski to set up the fraudulent bank account established on or about January 26, 2009, and to cause payments to be made out of the account on or about March 26, 2009.

Under all of the circumstances, including the defendant's ability to change identity and flee the jurisdiction of the court to Kenya or elsewhere, the court finds that there is no condition or combination of conditions that will assure the defendant's presence for further proceedings herein.

It is, accordingly, ORDERED, that the defendant's Motion to Reconsider Pretrial Detention be, and it hereby is, denied.

It is further ORDERED that the defendant be, and he hereby is, detained without bail.

The Clerk is directed to forward copies of this order to the defendant, all counsel of record, the United States Probation Department and the United States Marshal.

DATED: January 25, 2010

John T. Copenhaver, Jr.
United States District Judge