IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:09-000251-02
Judge John T. Copenhaver, Jr.

ROBERT M. OTISO

---

## SENTENCING MEMORANDUM OF DEFENDANT ROBERT M. OTISO

---

Now comes Defendant, Robert M. Otiso, by and through his undersigned counsel, John H. Tinney, Jr., and The Tinney Law Firm PLLC, and submits this sentencing memorandum for the Court's consideration. While the defendant has made numerous objections to the presentence report, many of those objections relate to inaccurate factual statements contained within the report which do not ultimately affect the Court's sentencing guideline calculations. Accordingly, there are a limited number of objections which the Court need address and resolve.

### Objections

A.  <u>Paragraph 96</u>: Defendant has objected to the attribution of $ 3.3 million in loss to him. As is set forth clearly in the presentence report, Robert Otiso's involvement in this scheme was limited to acts performed in the State of Minnesota at the direction of Chegge-Kraszeski or the unindicted participant "Evan." Otiso had no involvement in other acts that may have been performed in other states by other members of the conspiracy. Accordingly, it was not reasonably foreseeable to Otiso that other entities

beyond the State of West Virginia or the Commonwealth of Massachusetts would be victimized.

The actual loss sustained by the State of West Virginia, as calculated by the presentence report, equals $ 772,016 or $ 919,916, depending upon the characterization of "loss." Should the court adopt either figure as the appropriate amount of loss attributable to Otiso, the result would be the same: a 14 level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(H).

      B.     Paragraph 97: Defendant has objected to the 2 level increase proposed by the presentence report for having a substantial portion of the scheme committed from outside the United States. As the Court is aware, the scheme in this case was originally conceived and set in motion by individuals residing in Kenya, however, the vast majority of the acts required to carry out the scheme were committed in the United States. For instance, defendant Chegge-Kraszeski incorporated dummy corporations in the United States; manipulated the States' electronic vendor payment systems in the United States; opened fake bank accounts in the United States; submitted fake invoices in the United States and electronically transferred the ill gotten gains in the United States. All of defendant Otiso's acts in connection to the fraudulent scheme took place in Minnesota. The same is true for Otiso's co-defendants, Michael Ochenge, Paramena Shikanda, and Albert Gunga. Accordingly, the 2 level enhancement referenced above should not be applied to this defendant.

      C.     Paragraph 101: Defendant has objected to the application of a 2 level enhancement as contemplated by the presentence report for his purported "leadership role" in the fraudulent scheme. The presentence report's recommendation that Otiso should receive a 2 level enhancement pursuant to U.S.S.G. §3B1.1 mischaracterizes his

actual role in the offense. While it is understandable that the government is frustrated that it is unable to arrest and prosecute the actual leaders of this fraudulent scheme as they apparently are residing in Kenya, it is unfair to attempt to attribute those roles to Mr. Otiso who, in the words of the victim of this scheme, was acting as a "mule." Indeed, it is the West Virginia official's characterization of Otiso's role that is much closer to the truth than the presentence report.

The facts regarding Otiso's actions in this case are largely undisputed. Acting on instructions from an individual in Kenya known as "Evan," Otiso met Chegge-Kraszeski at the Minneapolis airport on several occasions and provided her with transportation to two TCF bank locations and local hotels. Mr. Otiso accompanied her to the bank locations where she opened two different corporate bank accounts. Upon her request, he introduced her to Michael Ochenge whom he believed may know someone who worked at the bank. Mr. Otiso retrieved starter checks for the bank accounts and mailed those checks to Chegge-Kraszeski, used the debit card associated with that account and, again on instructions from Chegge-Kraszeski, faxed a contract to the Commonwealth of Massachusetts.

These acts are consistent with the acts of a low level participant in this fraudulent scheme rather than as a "leader." Mr. Otiso's role should properly be considered minor and a 2 level reduction is appropriate. At the very least, this Court should refuse to grant the 2 level enhancement currently recommended by the presentence report.

Should the Court sustain the defendant's objections to the presentence report, the base offense level would be 21, the adjusted offense level would be 19 and the total offense level would be 17. A total offense level of 17 with a criminal history category of I equals an advisory guideline range of 24-20 months. If the Court would refuse to grant

3

the defendant a 2 level reduction, the total offense level would be 19 and the advisory guideline range would be 30-37 months. Such a sentence would accomplish the goals set forth in 18 U.S.C. § 3553(a), namely, the imposition of a sentence *sufficient, but not greater than necessary, to comply with the goals set forth in paragraph (2)*.

ROBERT M. OTISO

By:  The Tinney Law Firm, PLLC


/s/ John H. Tinney, Jr.
John H. Tinney, Jr. (WV # 6970)
P. O. Box 3752
Charleston, WV 25337-3752
(304) 720-3310

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.   Criminal No. 2:09-cr-00251
     Judge John T. Copenhaver, Jr.

ROBERT M. OTISO

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2010, I electronically filed the foregoing **"Sentencing Memorandum of Defendant Robert M. Otiso"** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

Susan Robinson, Esquire
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713
susan.robinson3@usdoj.gov


/s/ John H. Tinney, Jr.
John H. Tinney, Jr. (WV Bar No.: 6970)